### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1876, IN THE SIXTIETH
YEAR OF THE STATE.

---

THE STATE. *v.* WRIGHT ET AL.

52 307
144 243

CRIMINAL LAW.—*Statutory Description of Offence.*—An indictment under a
statute, and therefore every indictment in this State, must embrace a
charge of all the particulars that enter into the statutory description of
the offence, either in the language of the statute or other equivalent lan-
guage.

SAME.—*Assault and Battery.*—An indictment for an assault and battery
which fails to allege that the unlawful touching, etc., was done either in
a rude or insolent or angry manner, is bad.

From the Allen Criminal Circuit Court.

*C. A. Buskirk*, Attorney General, and *S. M. Hench*, Pros-
ecuting Attorney, for the State.

*E. O'Rourke*, for appellees.

WORDEN, J.—Indictment charging that, on, etc., "Charles
Wright, Frederick Weston and George Chapman, at said
county of Allen, and State of Indiana, in and upon one Jon-
athan Fleming, did unlawfully make an assault, and him,

the said Jonathan Fleming, did then and there unlawfully touch, strike, beat and wound, contrary to the form of the statute," etc.

This indictment, on motion of the defendants, was quashed, and the State excepted and brings the case here for revision.

The statute defining the offence of assault and battery provides, that "every person who in a rude, insolent or angry manner, shall unlawfully touch another, shall be deemed guilty of an assault and battery," etc.   2 G. & H. 459, sec. 7.   It will be observed that the unlawful touching, striking, etc., is not alleged in the indictment to have been perpetrated either in a rude, insolent or angry manner.   To constitute an assault and battery under this statute, it is not enough that there was an unlawful touching, but the manner of the touching must have been either rude, insolent or angry.

It is a well established principle of criminal pleading, that in indictments upon statutes (and we have none other in Indiana), the indictment must embrace a charge of all the particulars that enter into the statutory description of the offence, either in the language of the statute or other equivalent language.   It is urged by the counsel for the State that the allegation that the touching, etc., was unlawfully perpetrated, is equivalent to an allegation that it was done in a rude, insolent or angry manner.

There would be force in this view, if the legislature had not required, in order to constitute the offence, that the touching should be unlawful, as well as that the manner of it should be rude, insolent or angry.   We cannot suppose that the legislature intended by the use of the word "unlawfully" to convey all the ideas expressed by the words "in a rude, insolent or angry manner."   Such a construction would make the statute consist, in a measure, of redundant verbiage.   See *Landringham* v. *The State*, 49 Ind. 186.   We are of opinion that the indictment was bad, as not containing a charge of all the elements entering into the statutory description of the offence, and that the court committed no

error in quashing it. We are aware that there are some decisions in this State that would seem to uphold such an indictment, but we are satisfied that, on principle and the current of authorities, the decision below should be sustained.

The judgment below is affirmed. ,