Holloway *v.* The State.

---

## HOLLOWAY *v.* THE STATE.

CRIMINAL LAW. — *Grand Jury.* — *Presumption.* — The Supreme Court, on appeal in a criminal prosecution by indictment, will presume, where the contrary does not appear, that the grand jury which found the indictment was legally impanelled and sworn.

SAME.—*New Trial.—Misconduct of Juror.—Evidence.*—Where a motion for a new trial in a criminal action is based upon alleged misconduct of a juror, in falsely stating, on his examination under oath as to his competency as a juror, that he had not formed or expressed any opinion as to the guilt or innocence of the defendant, and, such alleged misconduct being

controverted, the evidence, either oral or written, offered on this point to the court in connection with the motion, is conflicting, the question of such alleged misconduct should be determined upon the weight of the evidence; and the Supreme Court will respect the conclusion arrived at, as it does the decision of a question of fact upon conflicting evidence in a civil action.

From the La Porte Circuit Court.

*M. K. Farrand* and *Osborn & Calkins,* for appellant.

*C. A. Buskirk,* Attorney General, and *J. A. Crawley,* Prosecuting Attorney, for the State.

Howk, J.—Appellant and one Newton Holloway were jointly indicted, in the court below, for an assault and battery, with the intent to kill and murder one Henry J. Finley. There was a joint motion, made by the parties indicted, to quash the indictment, which motion was overruled by the court below, and to this decision an exception was saved. And upon arraignment, a plea of not guilty was interposed to the indictment by the defendants; and they having demanded separate trials, the appellant was first tried, by a jury. This trial resulted in a verdict that appellant was guilty of the assault and battery as charged, and not guilty of the felonious intent, and his punishment was assessed at a fine of one thousand dollars and imprisonment in the county jail for one month.

Appellant then moved the court below to set aside the verdict and grant him a new trial, which motion was overruled, and to this decision appellant excepted. And appellant then moved in arrest of judgment, and this motion was also overruled, and appellant excepted; and the judgment was entered upon the verdict, from which this appeal is now prosecuted in this court. A bill of exceptions, containing the evidence on the trial, was duly filed and is properly in the record.

In this court, appellant has assigned the following errors:

1. In overruling appellant's motion to quash the indictment.

2. In overruling appellant's motion to set aside the verdict and grant him a new trial.

3. In overruling appellant's motion in arrest of judgment

In this court, appellant has failed to assign any reasons why either his motion to quash the indictment or his motion in arrest of judgment ought to have been sustained; and there was no reason stated in either of said motions, to indicate to the court below, or to this court, the grounds upon which the motion was made. We may well conclude, therefore, that appellant does not rely, for a reversal of this judgment, upon either the first or third of the alleged errors; and we consider these errors, if any such exist, as waived by the appellant. True, it is said by appellant's counsel, that "the record fails to show that the grand jury was empanelled, sworn and charged, and consequently that the court had no jurisdiction to put the defendant upon trial;" and again, that "the court erred in overruling the motion in arrest of judgment, for the same reason." This is all that was said, in appellant's brief, in reference to either the first or third alleged errors; and it is very evident, we think, that even this much was not said to the court below, on either of these motions. If it be true that the record fails to show that the grand jury was empanelled, sworn and charged, it is equally true that the record does not show that the grand jury was not empanelled, sworn and charged. In this case, we will presume, the contrary not appearing, that the grand jury was legally empanelled, sworn and charged. *Bell* v. *The State,* 42 Ind. 335, and *Long* v. *The State,* 46 Ind. 582.

The second alleged error of the court below is the overruling of appellant's motion to set aside the verdict and grant him a new trial. The causes assigned in this motion were the following:

1. The verdict of the jury is contrary to law.

2. The verdict of the jury is contrary to the evidence.

3. The court admitted illegal testimony to the jury over objection, setting out the testimony objected to at length.

4. For misconduct of one of the jurors, tending to prevent a fair and due consideration of the case, in this, to wit, that Theodore Beck, one of the jurors in this cause, before he was empanelled as such juror, had expressed an opinion, in substance, that if a jury was obtained, such as the juror had previously been on, the said jury, including himself, would send the prisoner who did the shooting, including the defendant, to the penitentiary; that when the said Theodore Beck was called on said jury, he was sworn to answer such questions as might be put to him, as to his competency as such juror, and, in answer to the question whether he had formed or expressed any opinion as to the guilt or innocence of the defendant, said that he had not formed or expressed any opinion whatever; whereas, in truth and fact, he had formed and expressed an opinion, as appeared by the affidavits of A. B. Austin and others, filed with and made part of the motion.

It will be observed, that several causes are assigned by appellant for a new trial; but his learned counsel say, in their brief argument of this case, in this court: "There is one upon which we rely, and which we now point out specially;" and then they "point out specially" the fourth cause assigned in the motion for a new trial. Not a word is said by counsel in support of the first three causes for a new trial; and not only so, but they pointedly inform us that they rely upon the fourth cause for a new trial. And from this the implication is irresistible, that appellant not only does not rely upon, but virtually waives, the first three causes assigned in the motion for a new trial. In this respect, we will pursue the course indicated by appellant and his counsel; and regarding the first three causes for a new trial as virtually waived, we will now consider and determine whether or not appellant, upon the hearing of the matter presented to the court below by the fourth cause assigned

in the motion for a new trial, was entitled to a new trial of this cause.

This fourth cause for a new trial was submitted to the court below, for its decision, upon the affidavits of Alexander B. Austin and appellant and of appellant's attorneys, in support of this cause, and upon the counter-affidavit of Theodore Beck, the juror charged with misconduct. The affidavits of appellant and of his attorneys, though properly filed, did not support the main question, which was the alleged misconduct of the juror named in the fourth cause for a new trial. So far as this question was concerned, the only evidence before the court below is contained in the affidavit of Alexander B. Austin, on one side, and, upon the other side, the affidavit of the juror charged with the misconduct.

Before considering these affidavits and the action of the court below thereon, it should be premised that the affidavits of appellant and of his attorneys show that, before the juror in question was sworn with the jury to try this cause, he was sworn to testify as to his competency as a juror, and stated under oath that he had not formed or expressed any opinion of the guilt or innocence of the appellant, touching the charge in the indictment mentioned; and as to these points the affidavit of the juror does not contradict the other affidavits.

The affidavit of Alexander B. Austin stated, in substance, that, before the commission of the offence charged in the indictment, he had been on the petit jury with Theodore Beck, one of the jurors in this case; that soon after the commission of said alleged offence, affiant met said Beck in the city of La Porte, and that said Beck then referred to the circumstance of the shooting, which was the same one upon which appellant had just been tried in this case; that affiant then remarked, in substance, that shooting ought not to be tolerated in neighborhood quarrels; and thereupon said Beck remarked, in substance, that if a jury was obtained, such as the one on which he and affiant had previously served, they,

meaning said jury, including himself, would send said persons, who did the shooting, meaning the appellant and his brother, Newton, to the penitentiary; that this conversation was had in the city of La Porte, shortly after said trouble had occurred, and made a very decided impression on affiant's mind, that said Beck had formed the opinion, from what he had heard and from the conversation he and affiant then had, that appellant and his brother ought to be sent to the penitentiary for shooting said Henry J. Finley.

On the other side, the affidavit of Theodore Beck stated, in substance, that he was the same Theodore Beck mentioned in said Austin's affidavit, and who sat upon the jury in the trial of this case; that he had no recollection of having had any such conversation as is mentioned in said Austin's affidavit; but that if he had any conversation with said Austin, touching the said shooting, it was altogether of a general character, to the effect that any person who would shoot another in any ordinary quarrel ought to be sent to the penitentiary; and that he was positive he had no conversation with said Austin relative to or based upon the facts in this cause, because he had no knowledge whatever as to what the facts really were, until he learned them from the evidence, upon the trial of this cause; and that, in fact, he had not, at the time of being empanelled as a juror in this cause, any opinion as to the guilt or innocence of appellant, because he had no knowledge of any facts upon which to base an opinion as to that matter.

It is the law in this State, that if a juror, on his examination under oath as to his competency as a juror, should falsely state that he had not formed or expressed any opinion as to the guilt or innocence of the defendant in the particular case, and the falsity of such statement was not known to the defendant at the time the jury was empanelled and sworn to try the case, then the juror would not be competent, and such misconduct on his part would be a good and sufficient cause for setting aside the verdict of the jury and granting a new trial of the cause. *Rice* v. *The State*, 16 Ind.

298, and *Croy* v. *The State*, 32 Ind. 384. And such also seems to be the law in Ohio. *Busick* v. *The State*, 19 Ohio, 198.

If, however, as in this case, the alleged misconduct of the juror should be controverted, and the evidence, either oral or written, offered on this point in the court below, should be conflicting, as it is in this case, then the question would arise, and does arise in this case, should the matter of the alleged misconduct of the juror be determined by the court below upon the weight of the evidence?

In *Romaine* v. *The State*, 7 Ind. 63, Davison, J., in discussing the question now under consideration, used this language:

"On the hearing of these motions, there was, it will be seen, an obvious conflict between the testimony on the part of the defendant and that produced by the State. But the inquiry presented to the court did not involve the guilt of the accused; it was in effect a mere incidental issue, one proper to be decided according to the weight of evidence. It was competent for the circuit court, in the case before it, to reconcile the conflict, and weigh the testimony as in the trial of civil cases. That court has heard the witnesses, observed the manner in which they testified, and, upon a pure question of fact, has given a decision which is not plainly erroneous. Hence we are not inclined to disturb its conclusions."

In addition, we may safely presume in this case, from the fact that both the witnesses had been jurors in the court below, that that court had personal knowledge of the character, reputation and credibility of each of them; and therefore we are unwilling to disturb the conclusions of the court below on the point in question.

We do not find any error in the record of this cause, and therefore the judgment of the court below is affirmed at the costs of appellant.