## BEARD v. THE STATE.

CRIMINAL LAW.—*Continuance.*—*Practice.*—*Supreme Court.*—Where, in a criminal cause, a motion for a continuance is overruled, and the affidavit therefor, the action thereon of the court below and the exception of the defendant to such ruling are not made parts of the record on appeal, the supreme court will not consider such question.

SAME.—*Motion for New Trial.*—Where the evidence given on the trial of a criminal cause is not embodied in the record, the supreme court, on appeal thereto, will not consider the alleged error, that the court below erred "in overruling the appellant's motion for a new trial".

SAME.—*Oral Evidence.*—On hearing a motion for a new trial, either party being dissatisfied with any affidavit filed in support of or against such motion, the court may allow such party to examine the affiant orally in regard to the facts stated in such affidavit.

From the Knox Circuit Court.

*O. F. Baker, W. F. A. Bernhamer, J. C. Denny* and *C. S. Denny*, for appellant.

*J. H. O'Neal*, Prosecuting Attorney, for the State.

Howk, J.—The appellant was indicted for grand larceny, in the court below, at its November term, 1875.

The indictment charged, in substance, that the appellant, on the 5th day of November, 1875, at Knox county, Indiana, did then and there, unlawfully and feloniously, steal, take, carry and drive away one hog, of the value of eighteen dollars, one hog, of the value of nineteen dollars, and one hog, of the value of twenty dollars, and all of the aggregate value of fifty-seven dollars, then and there being found and being of the personal property and chattels of one John Ulmer, contrary to the form of the statute, etc.

At the February term, 1876, of the court below, the parties appeared, and the appellant, on affidavit filed, moved the court for a continuance of this cause, which motion was overruled, and the appellant excepted. And, on an affidavit filed, the appellant then moved the court below for a change of venue from the judge and from the county. The motion was sustained as to a change of venue from the judge, and the cause was set at a later day in the term, before the judge of the eleventh judicial circuit of this state, for further proceedings. The record does not show that any decision was made by the court below upon the application for a change of venue from the county.

At the time, and before the judge appointed, the parties appeared, and the appellant having been arraigned upon the indictment, for plea thereto, said that he was not guilty as therein charged. And the cause was then tried by a jury, and a verdict was returned, finding the appellant guilty, as charged in the indictment, and assessing his punishment at imprisonment in the state-prison for five years, a fine of five dollars, and disfranchisement for five years.

On written causes filed, the appellant moved the court below for a new trial, which motion was overruled, and appellant excepted. And the judgment was then rendered upon the verdict, from which this appeal is now prosecuted.

In this court the appellant has assigned the following alleged errors:

1. Error of the court below, in hearing and receiving parol evidence on behalf of the appellee, upon the hearing of appellant's motion for a new trial;

2. The court below erred in overruling appellant's motion for a new trial; and,

3. The court below erred in overruling appellant's motion for a continuance.

The appellant's affidavit for a continuance of this cause, the decision of the court below thereon, and appellant's exception to such decision, were not made a part of the record of this cause by any bill of exceptions. So that the third alleged error of the court below, in overruling appellant's motion for a continuance, is not properly presented by the record of this cause and will not be considered.

The evidence on the trial of this cause, in the court below, was not embodied in any bill of exceptions and is not set out in the record. It follows, of necessity, that the second alleged error of the court below, in overruling appellant's motion for a new trial, presents no question for our consideration.

The first alleged error, in the proceedings of the court below, has reference to what took place on the hearing of the appellant's motion for a new trial. Among the causes for a new trial, assigned by appellant in his motion for such new trial, was the alleged misconduct of certain jurors of the jury trying the cause, which was supported by certain affidavits filed with the motion. This alleged misconduct was controverted by the appellee, and thus a question of fact was presented to the court below, which did not involve in any way the guilt or innocence of the appellant of the felony wherewith he was charged, and which it was proper for the court to determine upon the weight of the evidence. *Romaine* v. *The State,* 7 Ind. 63; *Holloway* v. *The State,* 53 Ind. 554.

Upon the hearing of this question of fact, arising under appellant's motion for a new trial, the court below received in evidence the affidavits offered by both parties, and also the oral testimony of the several affiants, excepting one who was absent.

It appears from the record that the appellant objected to the oral examination of the affiants, that the objection was overruled, and that appellant excepted. But the record fails to disclose upon what grounds appellant objected to the oral examination of the affiants; the brief of appellant's counsel fails to furnish any grounds of objection, and we confess our utter inability to conjecture any legal or sufficient grounds of objection. It is possible, though not at all probable, that the appellant was conscious that the alleged misconduct of the jurors, which had been made manifest on paper by the *ex parte* affidavits, would vanish and disappear under a rigid cross-examination of the affiants in open court. The oral evidence of the affiants, taken on the examination, is not in the record; but we can conjecture what it was, to some extent, from the effect it produced, namely, the overruling by the court below of appellant's motion for a new trial, so far as it was founded on the alleged misconduct of any of the jury.

The mode of trial of any such side issue as the one now under consideration has never been prescribed by legislative enactment in this state, but it has been left, where we think it properly belongs, to judicial discretion in each particular case. This court has never been and is not now disposed to lay down any rigid rules for the government of the lower courts, in the trial of any such subordinate issue as the one here presented. In *Romaine* v. *The State, supra,* and in *Holloway* v. *The State, supra,* this court recognized the right of the court below to determine for itself how such an issue as this shall be tried, whether upon affidavits or upon oral evidence, or upon both affidavits and oral evidence. And if either party

should be dissatisfied with any *ex parte* affidavit offered in evidence on the trial of such an issue, and the affiant can be produced or is present at such trial, we know of no good reason why the court below may not, in its discretion, for the furtherance of justice, allow such dissatisfied party to examine the affiant orally, under oath, in open court, touching any of the matters referred to in his affidavit. In our opinion, the court below did not err in this case, in hearing and receiving parol evidence on behalf of the appellee, upon the hearing of appellant's motion for a new trial.

We find no error in the record of this cause.

The judgment of the court below is affirmed, at the costs of the appellant.