McCulley v. The State.

## McCulley v. The State.

| 62 | 428 |
| 134 | 91 |
| 62 | 428 |
| 137 | 350 |
| 62 | 428 |
| 141 | 114 |
| 62 | 428 |
| 149 | 413 |
| 149 | 613 |
| 149 | 706 |

CRIMINAL LAW.—*Indictment.*—*Assault with Intent to Kill.*—When an indictment alleges, that the defendant " then and there having the present ability," had " unlawfully and feloniously " attempted " to commit a violent injury upon " another, by " then and there unlawfully, feloniously, purposely and with premeditated malice," shooting, etc., " toward, at and against the body of " the latter, a loaded pistol, etc., with " intent then and there and thereby  *  unlawfully, feloniously, purposely, and with premeditated malice, to kill and murder " the latter, it charges an assault with intent.

SAME.—*Assault and Battery.*—Such indictment does not charge an assault and battery ; the words " toward, at and against " as used therein, and the words descriptive of the offence, such as " unlawfully, feloniously, purposely and with premeditated malice," not necessarily implying that the unlawful touching was done either in a rude, insolent or angry manner.

SAME.—*Instruction.*—In such case the court, after giving the statutory definition of an assault. instructed the jury, that, " if you are satisfied that the defendant unlawfully attempted to commit a violent injury on " such person, " and that he had then and there a present ability to commit such injury, as charged in the indictment, then, does the evidence convince you, beyond a reasonable doubt, that such assault was perpetrated with intent to commit the felony mentioned in the indictment ?"

*Held,* that it is not open to the objection that the jury would reasonably infer therefrom, that, if the defendant had attempted to commit any violent injury on the person mentioned, having the ability and intending to commit the injury charged in the indictment, then they should find him guilty.

SAME.—*Reasonable Doubt.*—*Practice.*—Where, in such case, the court has once instructed the jury as to the defendant's right to the benefit of every reasonable doubt in his favor, it is wholly unnecessary to repeat this doctrine in every subsequent instruction.

SAME.—*Punishment.*—*Supreme Court.*—Where the punishment affixed by the jury is within the law, it will not be disturbed by the Supreme Court, although it may seem severe.

NEW TRIAL.—*Question of Fact.*—*Affidavit.*—*Supreme Court.*—*Weight of Evidence.*—Where a question of fact as to the alleged misconduct of a juror is presented to the court below, by an assignment of such misconduct as a cause for a new trial, supported by affidavits tending to show such misconduct, and controverted by counter affidavits tending to disprove it, such question of fact is to be determined by such court upon the weight of the evidence ; and the Supreme Court will not disturb the decision, if there be evidence tending to sustain it.

From the White Circuit Court.

*A. W. Reynolds, W. E. Uhl* and *E. B. Sellers,* for appellant.

*S. P. Thompson* and *C. A. Buskirk,* Attorney General, for the State.

HOWK, J.—At the January term, 1878, of the Jasper Circuit Court, the appellant was indicted by the grand jury of said court and term.

Omitting the venue, the title of the cause, the style of the court, and the signature of the prosecuting attorney, the indictment was as follows:

"The grand jurors in and for the county of Jasper and State of Indiana, duly and legally impanelled, charged and sworn, at the January term, A. D. 1878, of the Jasper Circuit Court, upon their oath do present, that Charles R. McCulley, on the 14th day of January, in the year of our Lord one thousand eight hundred and seventy-eight, at the said county of Jasper and State of Indiana, did then and there unlawfully and feloniously attempt to commit a violent injury upon the person of one Reuben R. Pettit; he, the said Charles R. McCulley, was then and there a person of sound mind, and did then and there have a present ability to then and there commit said violent injury, that is, he, the said Charles R. McCulley, did then and there unlawfully, feloniously, purposely and with premedi-

tated malice, shoot, fire and discharge toward, at and against the body of said Reuben R. Pettit one certain pistol, revolver and gun, which he, the said Charles R. McCulley, then and there had and held in his hands, and which said pistol, revolver and gun was then and there loaded and charged with cartridge, gunpowder, leaden balls, shot and bullets, and the said Charles R. McCulley, with said pistol, revolver and gun, so loaded and charged as aforesaid, and in his, the said Charles R. McCulley's, hands so had and held as aforesaid, did then and there shoot, fire and discharge said pistol, revolver and gun, at, toward and against the body and person of the said Reuben R. Pettit, with the intent then and there and thereby him, the said Reuben R. Pettit, unlawfully, feloniously, purposely and with premeditated malice, to kill and murder."

Upon the appellant's application, the venue of this cause was changed to the court below.

At the June term, 1878, of said court, the appellant moved the court to quash said indictment, which motion was overruled, and to this ruling he excepted.

Upon arraignment on said indictment, the appellant's plea thereto was, that he was not guilty as therein charged.

The issues joined were tried by a jury, and a verdict was returned as follows:

"We, the jury, find the defendant guilty, as charged in the indictment, that he be imprisoned in the State's prison for the period of six years, and that he make his fine to the State of Indiana in the sum of one dollar."

The appellant's motions for a new trial and in arrest of judgment, in the order named, were severally overruled, and to each of these decisions he excepted; and judgment was rendered on the verdict.

The following alleged errors of the court below have been assigned by the appellant in this court:

1.  In overruling his motion to quash the indictment;
2.  In overruling his motion for a new trial ; and,
3.  In overruling his motion in arrest of judgment.

The first and third of these alleged errors call in question the sufficiency of the indictment. The appellant's learned attorneys do not, however, as we understand them, controvert the sufficiency of the indictment, in this case, to state a public offence. But they claim, and to this point they have directed much of their elaborate argument in this court, that the indictment charged the appellant with an assault and battery, and not merely with an assault, with the intent to commit murder. We think that this point is not well taken. It seems to us, that the indictment has clearly, and in technical terms, charged the appellant with an assault, with the intent, etc., and that it has wholly failed to charge him with an assault and battery, with or without such intent. It is claimed, that the word " against," as used in the description of the offence, necessarily implies an unlawful touching of the person of Reuben R. Pettit, and that such touching constituted an assault and battery. But the law of this State, on this point, is not as the appellant's counsel claim it to be. The fundamental doctrine in this State on the point now under consideration is thus stated, in section 2 of "An act declaring the law governing this State," approved May 31st, 1852:

" Sec. 2. Crimes and misdemeanors shall be defined, and punishment therefor fixed, by statutes of this State, and not otherwise." 1 R. S. 1876, p. 606.

The statutory definition of an assault and battery includes something more than a mere unlawful touching. The manner of the unlawful touching is an essential part of this definition; the manner must be either " rude, insolent or angry," to make the unlawful touching an assault and battery. 2 R. S. 1876, p. 459, sec. 7.

Accordingly, it was held by this court, in the case of *The State* v. *Wright*, 52 Ind. 307, that an indictment for an assault and battery, which failed to charge that the unlawful touching was done either in a rude, or insolent, or angry manner, " was bad, as not containing a charge of all the elements entering into the statutory description of the offence." None of the words descriptive of the offence, in the indictment in this case, such as " unlawfully, feloniously, purposely, and with premeditated malice," necessarily or ordinarily implied or imported, that the unlawful touching was done either in a rude, or insolent, or angry manner.

It seems to us, therefore, that it cannot be correctly said, that the indictment in this case charged the appellant with an assault and battery, with the intent, etc.; but it did charge him fully, fairly and explicitly, in the technical terms of the statute, with an assault merely, with such intent. The indictment was sufficient, and the court did not err in overruling either the appellant's motion to quash it, or his motion in arrest of judgment.

We pass now to the consideration of the questions presented and discussed by the appellant's counsel, and arising under the alleged error of the court in overruling the motion for a new trial. The causes for a new trial, assigned by the appellant in his motion therefor, were, in substance, as follows:

1.   That the verdict of the jury was contrary to law;

2.   That the verdict of the jury was contrary to the evidence;

3.   That the verdict of the jury was contrary to the law and the evidence;

4.   That the court misdirected the jury in a material matter of law, in this, the court instructed the jury as follows: (Setting out the entire instructions);

5. Error of the court, in admitting illegal evidence, in this; in allowing Reuben R. Pettit, in rebuttal, over the appellant's objections, to testify as to where he stood, and how far he stood, and in what direction he was passing, from the butcher-shop door, just before and at the time the shot was fired ; and,

6. Misconduct of one of the jury which tried the cause, naming him and setting out specifically the alleged misconduct.

The appellant's attorneys complain in argument of the sixth instruction of the court to the jury trying the cause. This instruction was as follows :

" 6. The General Assembly has thus defined an assault : 'An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.' This definition is so plain and simple, that you will readily comprehend its meaning, without any further explanation on my part. It is not necessary, that the person assaulted should receive any bodily injury, by being struck or hit. If you are satisfied that the defendant unlawfully attempted to commit a violent injury on the person of Reuben R. Pettit, and that he then and there had a present ability to commit such injury, as charged in the indictment, then, does the evidence convince you, beyond a reasonable doubt, that such assault was perpetrated, with intent to commit the felony mentioned in the indictment."

The objection urged to this instruction, by the appellant's counsel, is thus stated in their brief of this cause : " The jury, from the instruction, could and would reasonably infer, that, if McCulley attempted to commit any violent injury on the person of Reuben R. Pettit, and had the ability to commit the injury charged in the indictment, and intended to commit the injury charged, then they should find the defendant guilty."

It seems to us, that the instruction is not open to this objection. It will be seen, that the objection is applicable only to the last sentence of the instruction. In the preceding part of the instruction, the court had given the jury the statutory definition of an assault. This was necessary, because, in the section of the felony act which defined the crime wherewith the appellant was charged, and fixed the punishment therefor, the term " assault" was used in defining such crime, instead of the definition of an assault. 2 R. S. 1876, p. 427, sec. 9. The last sentence of this sixth instruction, when construed with its context, would readily be understood by the jury, as if it read thus : " If you are satisfied, that the defendant unlawfully perpetrated an assault on the person of Reuben R. Pettit, as charged in the indictment, then, does the evidence convince you, beyond a reasonable doubt, that such assault was perpetrated, with intent to commit the felony mentioned in the indictment." In other words, we think that the words, " as charged in the indictment," in this last sentence, are applicable to, and limit the meaning of, the entire preceding definition of the assault, in this case, and not merely a part of such definition; and so the jury would readily understand the instruction.

The appellant's counsel have criticised at some length a single sentence in the closing instruction of the court to the jury. This sentence reads as follows : " If the crime charged is clearly proven by the evidence adduced, your duty as jurors requires that you do not, by your verdict, allow the defendant to remain unpunished, however unpleasant may be the discharge of that duty." This sentence was followed by another which is not complained of, but which we give in this connection for the purpose of showing that the appellant's side of the case was fairly presented to the jury. It was as follows: " On the other hand you are bound to see that no injustice is done him,"

the appellant, " and that he have the full benefit of every right with which the law clothes him."

The chief objection of counsel to the first sentence quoted from the closing instruction is, that it did not, in express terms, give the appellant the benefit of every reasonable doubt as to his guilt of the crime charged. The court had previously instructed the jury, that " the defendant is presumed to be innocent until the contrary is proven. If there is in your minds a reasonable doubt whether his guilt is satisfactorily shown, he must be acquitted. The presumption of innocence continues until the contrary is proved by evidence, and until each and every ingredient necessary to constitute the crime charged is proved by such evidence. The burden of proof rests upon the State to prove and establish, beyond a reasonable doubt, every such necessary ingredient."

Having thus stated the rights of the appellant to the jury fully, clearly and explicitly, with especial and reiterated reference to his right to the benefit of every reasonable doubt in his favor, it seems to us that it was wholly unnecessary for the court to repeat this doctrine, in regard to a reasonable doubt, in every subsequent instruction. The instructions of a court to a jury ought to be construed with reference to each other, and as an entirety.

Having thus considered and construed the instructions of the court to the jury in this case, our conclusion is, that they contain a full and fair statement of the law applicable to the case made by the evidence, and that the appellant can not justly complain of them.

The sixth cause for a new trial was the alleged misconduct of one of the jury which tried the cause. The alleged misconduct of the juror consisted in this: That, when he was examined under oath touching his qualifications as a juror, he said that he had not formed or expressed an opinion in reference to the appellant's guilt or innocence in this case, whereas it was alleged, that he had both formed and

expressed an opinion, adversely to the appellant, and that this was unknown to the appellant at the time he accepted said juror. This cause for a new trial was supported by affidavits tending to show the alleged misconduct of the juror; but counter affidavits were also filed, controverting the alleged misconduct. Thus, a question of fact was presented as to the truth or falsity of this cause for a new trial, which was to be determined by the court, under the law of this State, upon the weight of the evidence. *Romaine* v. *The State*, 7 Ind. 63; *Holloway* v. *The State*, 53 Ind. 554; and *Beard* v. *The State*, 54 Ind. 413. The court below determined this question of fact adversely to the appellant; and, as there was evidence in the counter affidavits filed, tending to sustain this decision, we can not disturb it upon the mere weight of the evidence.

Only one other question is presented or discussed by the appellant's attorneys, in their argument of this cause in this court, and that is, the sufficiency of the evidence to sustain the verdict. It is unnecessary, we think, and would be unprofitable, for us to set out the evidence in this opinion. We have carefully examined and considered all the evidence in the record, and have reached the conclusion that it fully sustains the verdict. Indeed, the appellant's counsel, as we understand them, do not complain much of the appellant's conviction, under the evidence; but they do not think that the evidence warranted, what they term, " so severe a punishment." It was the province of the jury to affix the appellant's punishment, and even if the punishment seemed severe, if it was within the law, as it clearly is, we would not disturb the verdict on that ground. Upon the whole case, it seems to us that the appellant has been fairly tried and convicted, in accordance with law.

The judgment is affirmed, at the appellant's costs.

Opinion filed at May term, 1878.
Petition for a rehearing overruled at November term, 1878.