## WHISTLER *v.* TEAGUE.

CONVERSION.—*Evidence.*—*Practice.*—On the trial of an action for the conversion of lumber, wherein the plaintiff has given no evidence concerning lumber in the defendant's possession, the latter will not be permitted to

prove the kind and quality of lumber in his possession and how he obtained it, as evidence that it is not the lumber in controversy.

SAME.—*Excessive Damages.—Supreme Court.*—Where the evidence is conflicting, the Supreme Court will not disturb the verdict, even though the damages assessed seem too large.

SAME.—*New Trial.—Affidavits.—Misconduct of Juror.*—Affidavits in support of and against a motion for a new trial on the ground of the misconduct of a juror may be allowed by the circuit court; and the Supreme Court will not disturb the decision of the court below upon any other principle than that upon which it will disturb the verdict of a jury for the want of sufficient evidence to support it.

SAME.—*Objection to Evidence must be Pointed Out.*—In order that a question may be saved in the record regarding the admission of evidence, the grounds of objection thereto must be pointed out at the time objection is made.

From the Wabash Circuit Court.

*A. Taylor*, for appellant.

*C. Cowgill, H. B. Shiveley* and *C. E. Cowgill*, for appellee.

BIDDLE, J.—Complaint by the appellee, averring that the appellant wrongfully took and converted to his own use ten thousand feet of lumber, of the property of the appellee, and of the value of one hundred and fifty dollars.

Answer, general denial.

Trial by jury; verdict for appellee.

By a motion for a new trial, the appellant has reserved several questions, and by an appeal has presented them to this court for decision. They will be noticed in the order they are discussed in the brief of counsel for the appellant.

1. That the damages are excessive; and,

2. That the verdict is not sustained by sufficient evidence.

These two questions may be considered together. We have read the evidence. It will sustain the finding in favor of the appellee, if the jury chose to give credit to the witnesses called by the appellee rather than those called by the appellant; and they could better decide this ques-

tion from the statement of the witnesses before them, than we can from their words on paper. The damages seem large to us, but we can not disturb the verdict, under the well known rule which governs appellate courts upon questions of the sufficiency of evidence.

3. The appellant offered to prove the kind and quality of fencing lumber upon his farm and in his possession, and that it was not the kind or quality of the lumber in controversy, and to show where he obtained it. The appellee objected to the evidence, and the court sustained the objection. Of this ruling the appellant complains.

This evidence was offered after the appellee had rested his case in chief. He had offered no evidence touching the character of the lumber on the appellant's farm, or in his possession, to identify it as being the lumber alleged to have been taken from the appellee. The evidence offered was, therefore, properly rejected. There was nothing in the case to which it was rebutting, and it could not be given to support the defence affirmatively. Such a rule would put it in the power of the appellant to manufacture evidence in his own defence.

4. One of the witnesses on behalf of appellee testified that he saw Ephraim Whistler, a minor, son of the appellant, at the pile of lumber owned by the appellee, with his father's team, loading the lumber on the wagon, and that "Ephraim said his father had made some arrangement with Teague" (the appellee) "to get this lumber to build a line fence."

To this evidence the appellant objected, but did not point out what his objections were.

Subsequently, the same witness testified to the same state of facts more fully, to which no objection at all was made. In this state of the record we can not say that the court erred in admitting the evidence to go to the jury.

5. One of the causes assigned for a new trial was the

misconduct of one of the jurors that tried the case. This cause was supported by several affidavits, against which the court allowed counter affidavits, and, upon this evidence, held that the alleged misconduct was not proved.

Of this ruling the appellant complains, and also of the practice of allowing counter affidavits in such cases. But the practice is well settled against the views of the appellant; and we have frequently held, in such cases, that we can not disturb the conclusion of the court below upon any other principle than that upon which we disturb a verdict of a jury for want of sufficient evidence to support .it. Viewed in this light, we can not interfere with the finding of the court upon this question. *Holloway* v. *The State*, 53 Ind. 554; *Beard* v. *The State*, 54 Ind. 413; *McCulley* v. *The State*, 62 Ind. 428.

None of the remaining causes assigned for a new trial were discussed in the brief of appellant, and they are therefore held as waived.

The judgment is affirmed, at the costs of the appellant.

Petition for a rehearing overruled.