Conover v. The State.

No. 10,596.

CONOVER v. THE STATE.

86    99
156   40

CRIMINAL LAW.—*Plea of Guilty.—Withdrawal of Plea.—Discretion of Court.*—Where it appears that the defendant, on arraignment upon an indictment charging him with a felony, voluntarily enters as his plea to such indictment, that he is guilty as therein charged, his subsequent application to the court for leave to withdraw such plea of guilty is addressed to the sound discretion of the court below ; and, unless there appears an abuse of such discretion, the Supreme Court will not interfere with its exercise.

SAME.—*Motion for Leave to Withdraw Plea.—Oral and Written Evidence.*—Upon the hearing of the motion for leave to withdraw a former plea, it is competent for the court to hear such evidence, oral or written, as either party may offer; and if affidavits are offered by either party, the opposite party may, with permission of the court, orally cross-examine the affiants, if they can be produced at the hearing.

From the Marion Criminal Court.

*J. Buchanan,* for appellant.

*F. T. Hord,* Attorney General, *W. T. Brown,* Prosecuting Attorney, and *C. F. Robbins,* for the State.

HOWK, J.—The indictment against the appellant in this case contained two counts. In the first count it was charged in substance, that the appellant, on the 4th day of July, 1882, at and in the county of Marion, Indiana, did then and there unlawfully and feloniously steal, take and carry away two United States legal tender treasury notes, each of the denomination and value of $5, two United States national bank notes, each of the denomination and value of $5, and one United States legal tender treasury note of the denomination and value of $2, of the moneys and personal goods and chattels of one Robert Jenkins.

In the second count of the indictment, the appellant was charged with the offence of embezzlement, and the charge is manifestly predicated on the same transaction on which the charge in the first count is founded.

The indictment was returned into open court, on the 15th

day of July, 1882. On the same day the record shows that the following proceedings were had in the cause, to wit:

"Now comes John B. Elam, prosecuting the pleas of the State of Indiana, and comes also the defendant herein, William Conover, in his own proper person, and being duly arraigned, for plea to the foregoing indictment, says that he is guilty as charged therein. And said defendant being under the age of twenty-one years, judgment is now withheld herein, and said defendant is allowed to go during good behavior."

Afterwards, on the 17th day of October, 1882, the appellant appeared in person and by counsel, and moved the court for leave to withdraw his former plea of guilty entered herein; and the State filed an affidavit in opposition to such motion. The matters arising under the motion having been heard and considered, the court afterwards, on October 24th, 1882, overruled the motion; to which ruling the appellant at the time excepted. He then moved the court in writing, in arrest of judgment; which motion was also overruled, and his excep-. tion was entered to this decision. The court then rendered judgment against the appellant, upon his former plea of guilty, that he make his fine to the State of Indiana in the sum of $1, and be imprisoned in the State's prison for the period of one year, and pay the costs of this prosecution.

In this court the following errors are assigned by the appellant:

1. The court erred in overruling his motion for leave to withdraw his plea of guilty;

2. The court erred in permitting the State, over his objections, to introduce evidence, oral or otherwise, upon his motion for leave to withdraw his plea of guilty, upon the question of partnership between him and Robert Jenkins;

3. The court erred in permitting the State to call and orally cross-examine the parties whose affidavits had been filed by him in support of his motion for leave to withdraw his plea of guilty; and,

4. The court erred in overruling his motion in arrest of judgment.

The appellant's motion for leave to withdraw his plea of guilty was in writing, and showed for cause that he was young and inexperienced in legal proceedings, and did not enter the plea nor authorize the same to be done; that he was not guilty, as charged in the indictment; that he was a partner of said Robert Jenkins, and had only partnership money in his possession; and that he never had any of Robert Jenkins' money in his possession.

The appellant's motion was addressed to the sound discretion of the criminal court, and, unless the record showed a very clear abuse of such discretion, this court would not be authorized, we think, to review or reverse the decision below on such motion. The criminal court heard evidence in regard to the matters of fact involved in the motion, and while the evidence was conflicting, we can not say that the court erred in overruling the motion; nor can we say that the court erred in permitting the State to introduce evidence on any of the matters presented by the motion. If the appellant introduced evidence in regard to those matters, it would hardly have been proper or fair to have excluded the State's evidence in relation thereto. The appellant complains of the action of the court in permitting the State to call and cross-examine orally the parties who had made and filed affidavits in support of his motion. We see no error in this action of the court, and, indeed, the practice was approved by this court in *Beard* v. *State*, 54 Ind. 413.

In section 1748, R. S. 1881, it is provided that an indictment for larceny may contain a count for the embezzlement of the same goods or property, and that the court or jury may find the person guilty of either of the offences charged. In this case, as we have seen, the appellant's plea to the indictment was, that he was " guilty as charged therein," that is, as charged in both counts of the indictment. It is difficult to see how he could be guilty of both the felonious taking and

embezzlement of the same money; but, by his plea, he has said that he was guilty of both offences. The appellant is in no condition to complain in this court of the effect of his plea, nor can we say that he was injured thereby. The court assessed his punishment at imprisonment in the State's prison for the shortest period of time prescribed by law for either of the two offences charged in the indictment.

It may be that the appellant was not guilty of either of the offences charged against him, and that he is suffering an unjust punishment, but we can not say so from the record before us; nor can we, in the condition of the record, say that there is any such error in the proceedings as would authorize or require the reversal of the judgment below.

The indictment is sufficient, and the court committed no error in overruling the motion in arrest of judgment.

The judgment is affirmed, with costs.