BERSCH v. THE STATE.

Indictment for passing counterfeit money. A witness was permitted to testify that the wife of the defendant had sold to him a counterfeit twenty dollar bill belonging to defendant, in his absence, but that the defendant was subsequently advised of the transaction and sanctioned it. This was not the bill for which he was indicted; but the transaction was about the time of the offense alleged. *Held*, that the testimony was admissible as tending to show knowledge on the part of the defendant that the bill passed by him was counterfeit.

The declarations of a witness, as to his place of residence, are not always immaterial, touching his credibility; but in this case, the previous statement proposed to be proved does not appear to materially conflict with that proposed to be impeached.

A witness, in this case, was asked if he had not passed a counterfeit bill as a genuine one in *L.*, and what he had sworn about it on a former occasion. The Court ruled the question inadmissible. *Held*, that there was no error. But, *held*, also, that perhaps the Court might, in its discretion, have let the question go to the witness under proper advice.

It is always proper to ask a witness as to his relationship to the parties, and the state of his feelings towards them, with a view that the jury may judge of the impartiality of his testimony.

The Court, in this case, instructed the jury that the question whether a certain witness had counterfeit money in his possession or not, had nothing to do with the guilt or innocence of the accused. *Held*, correct as an abstract proposition; but, *held*, also, that such fact might have had a bearing upon the credit of the witness, or not, depending upon the further question whether the counterfeit money was properly or improperly in his possession; and if the evidence tended to show that the money was in his hands for an improper purpose, the defendant should have asked an additional instruction applicable to the facts, in order to put himself in a position to complain of that given.

A new trial will not be granted in a criminal case, because the jury, without the permission of the Court, took to their room papers which were given in evidence, if, so far as appears, the papers were taken inadvertently, without improper intervention by any person, and it is not shown that the jury made any use of them.

APPEAL from the *Switzerland* Circuit Court.

PERKINS, J.—An indictment against *Bersch* for passing counterfeit money. Conviction and sentence to the penitentiary.

A change of venue was taken in the case; and it is claimed that the record does not show that the original indictment was transmitted with the transcript upon the

change. This objection raises a question of fact. We think it appears that the original indictment was transmitted. This is the fair inference from the entry of the clerk; and, further, it appears that the defendant made a motion in the Court, to which the change was granted, to quash the indictment, &c.

The principal witness on the part of the state was *Michael Deckhard*. He testified that the defendant's wife sold to him a twenty dollar counterfeit bill belonging to the defendant, in his absence; but that the defendant subsequently was advised of the transaction, and sanctioned it. This was not the bill for the passing of which the defendant was indicted. The evidence was admissible as tending to show knowledge on the part of the defendant that the bill passed by himself was counterfeit, as the transactions were about the same time. *McCartney* v. *The State*, 3 Ind. R. 353.

*Deckhard* testified that he had been selling goods some time prior to the then trial, for himself; that he had also clerked for one Mr. *Judah*, in *Monroe* county; and that he was then superintending a flat-boat. The defendant then, on cross-examination, proposed to ask him if he did not swear, on the preliminary examination before Esq. *Brooke*, "that previous to the time when this offense was alleged to have been committed," he had no regular employment or place of abode; but the Court refused permission on the ground that it was an immaterial point. We are not prepared to say that the declarations of a witness, as to his place of residence, would always be immaterial, touching his credibility; but we think no error is shown in this case, as the previous statement proposed to be proved does not appear to materially conflict with that made on the trial of this cause; nor was the time fixed, in the question proposed, with sufficient precision. "Previous to the time," &c., without stating how long previous, would seem to be too indefinite.

The defendant proposed to ask the witness, further, if he had not passed a counterfeit bill as a genuine one, in *Louisville, Kentucky*, and what he had sworn about it on

a former occasion; but the Court ruled the questions inadmissible, and we think the ruling not error, though, perhaps, the Court might, in its discretion, have let the question go to the witness under proper advice.

If the defendant relied upon the answers to impeach the character of the witness, then he was attempting to violate the rule that evidence for that purpose should not go to particular acts, but to general character. If the object was to lay the foundation for a contradiction of the witness, it seems to us that such contradiction would have been in violation of the rule that it must be as to matters relevant to the issue. See 1 Greenl. Ev., p. 613, note 3.

We do not think the case falls within that of *Newton* v. *Harris*, 2 Seld. 345. It is always proper to ask a witness as to his relationship to the parties, and the state of his feelings towards them, with a view that the jury may judge of the impartiality, or otherwise, of his testimony.

The Court instructed the jury, that the question whether the witness, *Deckhard*, "had counterfeit money in his possession or not, had nothing to do with the guilt or innocence of the accused."

As an abstract proposition, this instruction was correct; but such fact might have had a bearing upon the credit of the witness, or might not, depending upon the further fact of whether the counterfeit money was properly or improperly in his possession. And if there was evidence tending to show that such money was in the hands of the witness for an improper purpose, the defendant should have asked an additional instruction applicable to the facts, in order to put himself in a situation to complain of that given. *Postlethwaite* v. *Payne*, 8 Ind. R. 104.

The jury took to their room two papers which were given in evidence on the trial. The papers, so far as appears, were taken inadvertently, without the permission of the Court, it is true, but through no improper intervention of any person, and it is not shown what, or whether any use was made of them by the jury, in their deliberations. The facts do not present a case for a new trial. *Ball* v. *Carley*, 3 Ind. R. 577.

*Per Curiam.*—The judgment is affirmed with costs.

*H. W. Harrington*, for the appellant.

*J. E. McDonald*, Attorney General, and *A. L. Roache*, for the state.