The opinion of the Court was delivered by
Todd, J.
The defendant was tried under an information for perjury, convicted and seuteuced to five years’ imprisonment at hard labor, and has appealed.
1. The first ground of complaint urged against the proceedings of the lower court is the ruling of the Judge, in accepting a juror as qualified who was challenged for “incompetency under the Statute,” by the counsel for the accused. We learn from the hill of exceptions that the juror in question stated, when examined on his voir (lire, that he “ did not know what the meaning of the word ‘ peijury ’ was; ” hut it further appears that, when questioned by the District Attorney, he stated that he knew what “false swearing,” and “swearing to a lie,” meant. We cannot say that the Judge was in error, in holding the juror not incompetent, UDder the provisions of the Statute referred to by the counsel, (Act 54, 1880.) The counsel argue that he should have been excluded, from ignorance of the English language, though it does not appear from the bill that such ground of exclusion was urged in the lower court, and had it been, it would not have been applicable. It may show ignorance, not to know the meaning of perjury, hut not ignorance of the English language, in the sense of the Statute. The juror’s knowledge of what false swearing was, satisfied the Judge that he possessed sufficient intelligence, touching the issue to he tried, though he might not he able to define the crime of perjury.
2. A part of the Judge’s charge to the jury is complained of and was excepted to.
. The Judge is required to charge the jury upou the law of the case. If he misstates the law, to the prejudice of the accused, the accused can be relieved. So the Judge is inhibited, in his charge, from commenting on the facts of the case. He is not charged in this instance with a violation of duty in either of these respects, that is, either by misstating the law or commenting on the facts. The charge in question not being, therefore, amenable to either of these objections, there is nothing for this Court to pass on with reference to the same. We cannot he called upon to pass judgment respecting the propriety or *961 fitness of that portion of the charge designated, since it contravenes no principle or provision" of law, and is not so alleged. Boyce vs. People, 55 N. Y. 644.
3. After the jury retired to make up their verdict, it appears that the information on which the accused was tried was sent for by one of the jurors. The deputy sheriff delivered to the jury the information, and with it the indictment in the case, in which it was charged the perjury was committed, and which indictment had been offered in evidence on the trial, the whole of it by the State, and the endorsements thereon by the defendant..
The jury having this document, thus regularly a part of the evidence, in their possession, under the attending facts was not such an irregularity as to avoid the verdict.
On this subject Lord Coke “ states that if the jury carry away any writing which was given in evidence in open court, this shall not avoid the verdict, albeit they should not have carried it with them.” See also Wharton Crim. PL and Pr., 8th Ed., Sec. 828, Note 6; Wharton Crim. Ev., 8th Ed., Sec. 312; Graham & Waterman New Trials, Vol 1, p. 45, Secs. 45, 46, 48, 78; 13 Ind. 434; Binney Pa. 239; State vs. Bradley, 6 An. 555.
4. The next and last, error assigned relates to the ruling of the Judge on a question of evidence.
The perjury, for which the accused was convicted, was charged to have been committed on the trial of one Alfred Murray, for shooting the defendant in this case, and was alleged to consist of this defendant having falsely sworn on such trial that the said Murray had shot at him. On the trial of the defendant in this case for perjury, thus charged to liave been committed in the other case, a witness on the stand, who had stated that shortly after the alleged shooting by Murray, he had observed that the defendant’s hair was burned or singed, was asked what explanation did he, the defendant, give as to the cause of such injury. This was objected to on the ground that it was the declaration of the accused, and in his own favor, and therefore inadmissible, and the objection was sustained; and the question of the propriety of the Judge’s ruling on this point, is presented to us by a bill of exception The testimony was properly excluded. The declaration of the accused sought to be admitted was not a part of the res gestee, either of this prosecution or the former one, which is the ground urged in favor of its admissibility. It was but the narrative of a past event, “ and res gestee are events speaking for themselves through the instructive words and acts of participants, not the words and acts of participants when narrating the events.”
*962 Tlie statement made under oath by the accused, on Murray’s trial for shooting him, and which is charged to be false, no one would pretend could afford any evidence in his behalf, or be offered for that purpose on the trial of thex>resent prosecution for perjury against him. The statement offered on this trial, and excluded, was to the same effect, it is to bo presumed, as that sworn to by the accused on the previous trial, and both were made after the alleged shooting took place. The first one was not given under oath, and considering the time it was made, and what transpired subsequently thereto, the prosecution of Murray for 'the alleged shooting, and the testimony of the accused to the fact of the shooting, it might naturally be inferred that this first statement was concocted in advance by the accused, to support a projected prosecution against Murray for shooting him. Where declarations of an accused can be construed to be of this character, they can never be admitted in his favor. Wharton Ev. § 268, 8th Ed.
We have thus reviewed all the grounds of error assigned, and find nothing therein to afford the accused any relief.
The judgment and sentence appealed from are, therefore, affirmed with costs.