167   231
f168   479

## TROMBLEY v. THE STATE.

[No. 20,809.   Filed October 24, 1906.]

1. APPEAL AND ERROR.—*Bill of Exceptions.—Record.—Evidence. —Sufficiency.*—Where the evidence has not been made a part of the record on appeal, the Supreme Court cannot pass upon the sufficiency thereof.   p. 232.

2. SAME.—*Briefs.*—A failure by appellant to present the alleged errors in his brief, is a waiver thereof.   p. 232.

3. NEW TRIAL.—*Misconduct of Juror.—Decision of Trial Court Thereon. — Appeal and Error. —* The trial court's decision whether a juror gave the prosecuting witness a sign of recognition by a movement of the hand and wink of the eye will not ordinarily be disturbed on appeal.   p. 232.

4. SAME.—*Misconduct of Jurors.—Discovery of, before Verdict. —Waiver.*—Where defendant discovered the misconduct .of a juror before the jury retired; and he made no complaint thereof until after verdict was rendered, such objection is waived. p. 233.

5. SAME.—*Misconduct of Jurors.—Prejudicial.*—Whether a juror motioned at defendant with his closed fist or was sporting with the deputy prosecuting attorney was a question of fact for the trial court; and such conduct, sporting with such attorney, though objectionable, is not reversible, where it is shown that such juror voted favorably to defendant for a long time, and yielded only when thoroughly convinced of defendant's guilt, no prejudice to defendant's rights being shown.   p. 234.

6. SAME. — *Misconduct of Jurors.—Presumptions.—Evidence.— Absence of.*—Where the trial court found against defendant on his allegations of misconduct of jurors, no presumption of injury to defendant's rights arises; and in the absence of the evidence the Supreme Court will not disturb the verdict and judgment below.   p. 236.

From Sullivan Circuit Court; *Orion B. Harris,* Judge.

Prosecution by the State of Indiana against Frank Trombley. From a judgment of conviction, defendant appeals. *Affirmed.*

*Charles D. Hunt,* for appellant.

*Charles W. Miller,* Attorney-General, *C. C. Hadley, H. M. Dowling* and *W. C. Geake,* for the State.

MONTGOMERY, J.—Appellant was convicted of murder in the second degree. A reversal of the judgment is sought on account of alleged error in overruling appellant's

1. motion for a new trial. The grounds of the motion were the giving of certain instructions, the refusal to give others tendered, misconduct on the part of two jurors, and that the verdict is contrary to law and the evidence. The evidence has not been brought before us, and we cannot therefore pass upon its sufficiency to sustain the verdict, and the alleged errors relating to in-

2. structions have been waived by a failure in appellant's brief to present them for consideration.

It is insisted by counsel for appellant that such misconduct of jurors is shown as requires the granting of a new trial. It is charged in an affidavit by appellant that,

3. at a recess in the trial during the introduction of the State's evidence, the jury left the box, and, while returning, one of the jurors when within a few feet of Tude Ingram gave a sign of recognition to said Ingram by a movement of the hand and head, and a wink of the eye, which said Ingram answered by a smile and a nod; that said acts were seen by appellant, and when said juror and Ingram discovered that they were so observed they appeared embarrassed; that said Ingram was a brother or half-brother of the deceased, and took, and was at the time taking, an active part in the prosecution of appellant; that appellant immediately mentioned to his counsel what he

had seen, but did not understand its importance, and had no opportunity to explain the matter in full until the close of the trial; and that upon his *voir dire* said juror had answered that he was not acquainted with said Ingram and had never seen him prior to said trial. The State filed the counter affidavits of the juror named and of said Ingram, in which they swore that the charge of appellant was absolutely false in substance and in fact, and declared that at the time mentioned they were wholly unacquainted with each other, and specifically denied the acts charged and the making of any sign or gesture at any time by way of recognition or response.

We are unwilling to hold that a public exchange of salutations between a juror and a prosecuting witness during a trial and in the manner described would constitute harmful misconduct, and in this case are not required to decide the question, since we cannot say that the charge is true. This issue was submitted to the trial court wholly upon affidavits, and we are therefore enabled to get a fair view of the proofs upon which his decision was grounded, and are fully satisfied with the conclusion reached by the trial court. Ordinarily this court will not review the decision of a collateral fact of this character upon contradictory evidence. *Shular* v. *State* (1903), 160 Ind. 300; *Keith* v. *State* (1901), 157 Ind. 376; *Hinshaw* v. *State* (1897), 147 Ind. 334; *Epps* v. *State* (1885), 102 Ind. 539; *Doles* v. *State* (1884), 97 Ind. 555; *Long* v. *State* (1884), 95 Ind. 481; *Weaver* v. *State* (1882), 83 Ind. 289; *DePriest* v. *State, ex rel.* (1879), 68 Ind. 569; *Beard* v. *State* (1876), 54 Ind. 413; *Holloway* v. *State* (1876), 53 Ind. 554; *Romaine* v. *State* (1855), 7 Ind. 63.

A man on trial for his life ordinarily would be instinctively quick to observe and complain of any manifestation of bias or prejudice against him on the part 4. of the jurors upon whose decision his fate depended. If appellant saw, as he claims, a sus-

picious interchange of signs of recognition between his prosecutor and a juror, who were supposed to be strangers to each other, its significance would doubtless impress him at once. No subsequent occurrence or information is shown to explain, or to magnify in the mind of appellant, the importance of the acts of which he complains. If after verdict he regarded the incident as important, he ought to have so regarded it at the time of its alleged occurrence; and, if he deemed it to be misconduct on the part of the juror, he should have made his complaint known to the court at the earliest opportunity, and arrested the trial. No substantial excuse is given for his failure to speak at once, and having kept silent, and thereby elected to abide the action of the jury, he waived his right to complain of the alleged misconduct. It follows, therefore, that if the acts occurred as charged and were conceded to be harmful, appellant having knowledge long previous, could not complain thereof for the first time after verdict against him. *Blume* v. *State* (1900), 154 Ind. 343, 356; *Madden* v. *State* (1897), 148 Ind. 183, 187; *Robb* v. *State* (1896), 144 Ind. 569; *Grubb* v. *State* (1889), 117 Ind. 277, 283; *Waterman* v. *State* (1888), 116 Ind. 51, 53; *Coleman* v. *State* (1887), 111 Ind. 563; *Henning* v. *State* (1886), 106 Ind. 386, 55 Am. Rep. 756.

It was charged upon the affidavit of the deputy clerk that, as the jury retired to deliberate upon a verdict, one of the jurors, looking in the direction of appellant,

5. extended his left arm with his hand closed and made repeated motions with his arm and hand in the manner of shaking his fist, at or toward appellant. The juror thus accused denied that he shook his first or made any other gesture at appellant, but said that, as the jury were passing out, the deputy prosecutor, A. R. Martin, with whom he was on intimate and friendly terms, in a playful manner kicked him on the leg, and that he then

turned round and shook his fist at said Martin, and at no other person, and that said motions were made by him in a friendly spirit, and not otherwise, and that they were the same motions and gestures mentioned in the affidavit of the deputy clerk; that at no time did he entertain any ill feeling toward appellant; that in argument appellant's counsel admitted that he was guilty of voluntary manslaughter; and that during the deliberations of the jury, for many ballots affiant voted to convict appellant of manslaughter and of no higher degree of homicide, and concurred in the verdict of murder in the second degree after long deliberation, and only when finally convinced of appellant's guilt of that offense. A. R. Martin, the deputy prosecutor, also made affidavit fully and specifically confirming the statements of the juror in explanation of the gestures complained of by appellant.

These affidavits satisfactorily explain the acts complained of and make it entirely clear that the juror named did not manifest any prejudice or hostility toward appellant, and upon that theory the charge of misconduct is groundless. The sportive mood and conduct of the deputy prosecutor and juror were ill-timed, and did not comport with the gravity of the moment and the importance of the question under consideration; but in the incident nothing is found that can fairly be said to appeal to the prejudice or favor of the juror or to disqualify him from impartially deciding the guilt or innocence of the accused. We are justified in disturbing a verdict of guilty on account of the alleged misconduct of a juror, only when it is shown that such misconduct was prejudicial to the rights of the defendant, or when such a state of facts is shown that it may fairly be presumed therefrom that the defendant's rights were prejudiced. *Drew* v. *State* (1890), 124 Ind. 9, 12; *Long* v. *State* (1884), 95 Ind. 481, 486; *Achey* v. *State* (1878), 64 Ind. 56; *Whelchell* v. *State* (1864), 23 Ind. 89; *Bersch* v. *State* (1859), 13 Ind. 434, 74 Am. Dec. 263.

No presumption of injury to the rights of appellant arises from the facts disclosed, and in the absence of the evidence we are unable to say that the verdict and judgment were not fully justified.

6.

The judgment is affirmed.