## WILLIAMS v. STATE OF INDIANA.

[No. 24,241.  Filed June 8, 1923.  Rehearing denied December 5, 1923.]

1. CRIMINAL LAW. — *Evidence.* — *Compelling Affidavits.* — The court has the same power over an affiant to compel him to make his affidavit as it has to compel the attendance of a witness and require him to testify orally.  p. 673.

2. CRIMINAL LAW.—*Appeal.*—*Review.*—*Orders of Court.*—*Presumption.*—While the trial court has the power to order one to make an affidavit, yet its refusal to make the order must be presumed justified in the absence of any showing to the contrary.  p. 674.

3. CRIMINAL LAW.—*New Trial.*—*Misconduct of Jury.*—*Affidavits.*—In support of a ground for new trial of misconduct of the jury in that the sheriff and deputy sheriffs were witnesses against the defendant and at the same time conversed with jurors concerning the merits of said cause as shown by the affidavits filed herewith, several affidavits examined and held not to sustain the ground.  p. 674.

4. CRIMINAL LAW. — *New Trial.* — *Misconduct of Jury.* — *Affidavits.*—An affidavit in support of a motion for new trial on the ground of misconduct of a juror should clearly identify the juror guilty of the alleged misconduct and clearly specify the facts alleged to constitute misconduct.  p. 674.

5. CRIMINAL LAW.—*New Trial.*—*Misconduct of Jury.*—*Review.* —A verdict of guilty will be disturbed on account of alleged misconduct of a juror, only when it is shown that such misconduct was prejudicial to the rights of the defendant, or when such facts are shown that prejudice may fairly be presumed.  p. 674.

6. CRIMINAL LAW.—*New Trial.*—*Misconduct of Jury.*—*Review.* —Where the trial court found against the defendant on his allegation of misconduct of jurors, no presumption of injury to the defendant arises and in the absence of the evidence from the record, the appellate court will not disturb the judgment of the court below. p. 675.

From Delaware Circuit Court; *William A. Thompson,* Judge.

Gene Williams was prosecuted by indictment for burglary in the second degree. From a judgment of guilty, he appeals. *Affirmed.*

*Gene Williams,* for himself as appellant.

*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

WILLOUGHBY, C. J.—The appellant was indicted for burglary in the second degree. Upon a plea of "not guilty" he was tried by a jury, the trial resulting in a verdict of guilty. Appellant filed his motion for a new trial, assigning twenty-five reasons. This motion was overruled and judgment rendered on the verdict. From the judgment this appeal is taken.

Appellant assigns as error the overruling of his motion for a new trial. In his brief he discusses only one ground mentioned in his motion for a new trial, being specification No. 24, which is as follows:

"Error of law occurring at the trial for misconduct of the jury in that Thomas Hiatt, sheriff of the county and state; Clinton Stradling, deputy sheriff of said county, and William A. Richison, deputy sheriff and bailiff of the Delaware County Circuit Court, were witnesses against the defendant and at the same time conversed with jurors concerning the merits of said cause as shown by the affidavits filed herewith and identified under the number of this assignment."

In his brief, appellant says: "There is but one question urged in this appeal for reversal, namely, the overruling of the motion for new trial as to the 24th specification amplified by the supporting affidavits."

Affidavits were filed in support of said twenty-fourth ground for a new trial as follows: One affidavit by the appellant, Gene Williams, as follows: "Gene Williams, being duly sworn on his oath says that he is the defendant in the cause of the State of Indiana v. Gene Williams, numbered 6908 in the Delaware Circuit Court and that after the jury in said cause had been empanelled, charged and sworn to try said cause and after the trial had begun, Thomas Hiatt, sheriff, entered the jury room during a recess of said trial and conversed with said jurors in said cause and prejudiced said jurors against the affiant, as this defendant was informed and believes. That this affiant did not know of such fact at the time but learned of it after the rendition of the verdict in said cause."

It also appears that the appellant, Gene Williams, filed another affidavit in support of said twenty-fourth assignment, which is as follows: "Gene Williams, being duly sworn on his oath, says that he is the defendant in the above entitled cause of action and that Thomas Hiatt, sheriff of said county, Clinton Stradling, a deputy sheriff of said county, and William Richison the court bailiff of the Delaware Circuit Court were each a witness for the state in the trial of said cause. That the said Hiatt approached different jurors and talesmen and talked to them concerning the merits and the facts of said cause to the prejudice of this defendant. That one Loan Franklin was requested to make and sign an affidavit setting up the facts and that the said Franklin, a talesman, in said cause, refused to make the affidavit but informed and stated that said Hiatt had approached him and told him that said de-

fendant was guilty and that he should vote for a conviction if retained as a juror. Defendant asks for an order requiring said Franklin to make the necessary affidavit as the fact and truth may appear for the purpose of more amply sustaining this ground and specification for new trial."

Another affidavit is as follows: "Tom Korn, being duly sworn, on his oath says that during the trial of the case of the State of Indiana v. Gene Williams, numbered 6908 in the Delaware Circuit Court, at the court house in Muncie, Indiana, after the jury were sworn and empanelled in said cause and during a recess in the trial while the jurors were in the jury room on the north side of the corridor of the court house this affiant saw Thomas Hiatt, the then sheriff of said county enter said jury room and then and there converse with some of the jurors in said cause for more than five minutes. That the doors were open and the door leading from the corridor to the jury room was open and this affiant saw said Hiatt so talk with said jurors through said open door."

Another affidavit is as follows: "Rollin W. Lennington, being duly sworn, on his oath says that he was sole counsel of the defendant, Gene Williams, in the above cause and that he did not know of or learn of the fact that Thomas Hiatt talked with jurors in said cause at the time of the trial of said cause as set out in the above assignment for new trial until after the rendition of the verdict in said cause."

No order was made requiring said Franklin to make the affidavit requested by appellant.

1. The court has the same power over an affiant to compel his attendance and require him to make his affidavit as it has to compel the attendance of a witness in a case and require him to testify

orally.  *Hueston* v. *Vail* (1875), 51 Ind. 299; *Rater* v. *State* (1875), 49 Ind. 507.

The court having refused to make the order it must be presumed, in the absence of any showing to the contrary, that he had good reasons for his action.

2.  It appears from the record that said Loan Franklin was not a member of the jury trying the case. The evidence taken at the trial was not brought into the record.

These affidavits do not support the twenty-fourth ground for a new trial.  There is no fact stated in them tending to show that any juror or jurors were

3.  guilty of improper conduct in the trial of said cause.  These affidavits constituted the sole evidence submitted by the appellant on his twenty-fourth ground for a new trial and upon such evidence the court found against appellant.

An affidavit in support of a motion for a new trial on the ground of misconduct of a juror should clearly identify the juror guilty of the alleged miscon-

4.  duct and should clearly specify the facts alleged to constitute misconduct, and in such case it must clearly appear that the party complaining was injured or the judgment will not be disturbed.  *Achey* v. *State* (1878), 64 Ind. 56, and cases there cited.

We are justified in disturbing a verdict of guilty on account of the alleged misconduct of a juror, only when it is shown that such misconduct was prejudicial

5.  to the rights of the defendant, or when such state of facts is shown that it may fairly be presumed therefrom that the defendant's rights were prejudiced. *Romaine* v. *State* (1855), 7 Ind. 63; *Bersch* v. *State* (1859), 13 Ind. 434, 74 Am. Dec. 263; *Harrison* v. *Price* (1864), 22 Ind. 165; *Whelchell* v. *State* (1864), 23 Ind. 89; *Long* v. *State* (1884), 95 Ind. 481; *Trombley* v.

*State* (1906), 167 Ind. 231; Ewbank's Manual (2d ed.) §43.

Where the trial court found against the defendant on his allegation of misconduct of the jurors no presumption of injury to the defendant's rights arises and in the absence of the evidence this court will not disturb the verdict and judgment below. *Trombley* v. *State, supra.*

No reversible error being shown, the judgment is affirmed.

Townsend, J., absent.