SIZEMORE *v.* STATE OF INDIANA.

[No. 29,263. Filed May 15, 1956. Rehearing denied June 21, 1956.]

Cecil C. Tague, Sr., of Brookville, for appellant.

Edwin K. Steers, Attorney General, and Owen S. Boling, Deputy Attorney General, for appellee.

EMMERT, J.—Appellant was convicted by a jury of the second offense of operating a motor vehicle while under the influence of intoxicating liquor as charged in an affidavit, upon which he was sentenced to the Indiana State Prison for a term not less than one (1) nor more than three (3) years, and fined in the sum of $100.00, from which judgment he now appeals. The error assigned here is the overruling of his motion for new trial.

The evidence, when viewed most favorably to the state discloses that appellant, in company with his brother, J. P. Sizemore, and his employee Pearl Green, drove a truck the night of January 9, 1954, southward from Laurel, Indiana, on State Road No. 121, and across a bridge over Sains Creek where the state road forms a Y intersection with another road leading to Andersonville. The truck stopped in this intersection, and Harry E. Moore, a state police officer, approached the bridge from the north. As officer Moore drove through the bridge the truck started to move, and officer Moore then stopped the truck and questioned appellant, who was under the steering wheel. Appellant had no driver's license, and the officer ordered him out of the truck and arrested him for operating while under the influence of

intoxicating liquor. State police officer Gordon Redwine and James Hixon, Sheriff of Franklin County, drove to the intersection in response to a radio call by officer Moore, and all three officers testified he was under the influence of intoxicating liquor. There was a partially empty bottle of whiskey in the truck and appellant testified he had had two drinks.

Appellant made no objection on trial to proof he had twice before been convicted of operating a motor vehicle while under the influence of intoxicating liquor as charged in the affidavit. It was only necessary for the state to prove one of the prior convictions charged. Section 47-2001(b), Burns' 1952 Replacement. The verdict was sustained by sufficient evidence and was not contrary to law.

More than thirty days after the return of the verdict, appellant filed what he designated as an amended motion for new trial in which he sought to present an additional ground for new trial because of newly discovered evidence. It had attached thereto the supporting affidavit of one Paul Bowman who said he saw the truck parked south of Sains Creek bridge, and Pearl Green get out of the drivers side while Earl Sizemore was on the right hand side of the seat, but that he did not recognize the third man. Appellant's defense at the trial was that Pearl Green was the driver of the truck, and at most this newly discovered evidence was merely cumulative.

"Motions for a new trial on the ground of newly-discovered evidence are received with great caution, and careful scrutiny is given to the evidence alleged to have been discovered. Facts showing due diligence must be alleged and shown in support of the motion. The newly-discovered evidence, in order to warrant the granting of a new trial, must be very material and decisive in

character and be such as to raise a strong presumption that it, in all probability, will bring about an opposite result on another trial. *Hines* v. *Driver* (1885), 100 Ind. 315; *Ludwig* v. *State* (1908), 170 Ind. 648, 85 N. E. 345; *Donahue* v. *State* (1905), 165 Ind. 148, 74 N. E. 996; *Cooper* v. *State* (1889), 120 Ind. 377, 22 N. E. 320; 20 R. C. L. 290." *Anderson* v. *State* (1928), 200 Ind. 143, 148, 161 N. E. 625.

If it is merely cumulative or impeaching it is not sufficient cause for a new trial. *Sullivan* v. *State* (1937), 212 Ind. 79, 82, 6 N. E. 2d 951; *Garner* v. *State* (1949), 227 Ind. 503, 506, 86 N. E. 2d 675; *Hansen* v. *State* (1952), 230 Ind. 635, 644, 106 N. E. 2d 226.

Since this evidence would be only cumulative at the most, and not of such compelling nature as would have caused a different result at the trial, there was no error in overruling this motion, and it is not necessary to consider whether it should have been overruled because it was not filed within thirty (30) days from the date of the verdict as required by §9-1903, Burns' 1942 Replacement.

Judgment affirmed.

Bobbitt, C. J., Landis, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 134 N. E. 2d 225.