OLDHAM *v.* STATE OF INDIANA.

[No. 30,943. Filed December 22, 1967.]

*John G. Bunner,* of Evansville, for appellants.

*John J. Dillon,* Attorney General, and *Raymond I. Klagiss,* Deputy Attorney General, for appellee.

HUNTER, J.—The appellants herein are appealing from convictions in the Circuit Court of Vanderburgh County of the offense of assault and battery with intent to commit a felony, to-wit: robbery. Ind. Anno. Stat. § 10-401 (Supp. 1967).

Prosecution was commenced on the basis of an affidavit charging appellants with robbery, Ind. Anno. Stat. § 10-4101 (1956) ; appellants entered pleas of not guilty and thereafter trial was had by jury. The trial resulted in the jury finding appellants guilty of a lesser included offense of assault and battery with intent to commit a felony. Upon this verdict the court sentenced each appellant to the Indiana Reformatory for not less than one (1) nor more than ten (10) years.

The error assigned and relied upon by appellants is the overruling of their motion for a new trial. Specifically appellants first complain that the State of Indiana failed to prove that the offense charged occurred within the jurisdiction of the State of Indiana causing the verdict to be (1) contrary to law, and (2) not sustained by sufficient evidence.

The evidence and all logical and reasonable inferences that may be adduced therefrom will be viewed most favorable to the appellee, State of Indiana. *Capps* v. *State* (1967), 248 Ind. 472, 229 N. E. 2d 794; *Beatty* v. *State* (1963), 244 Ind. 598, 194 N. E. 2d 727. The record of evidence

reveals that Police Officer Jack Weber testified for the State that he and Officer Stillwell asked the victim to take them to the scene of the crime. Officer Weber then testified that the victim led them to the spot where the crime occurred and that this place was located in Vanderburgh County, Indiana. From the foregoing, it is evidence that the State has clearly shown that the offense did occur within the State of Indiana. The appellee, State of Indiana, has likewise shown that it occurred within Vanderburgh County, for the evidence more than supports an inference that the crime charged was committed in the county named in the charge.

The next issue raised by appellants is set forth in specification No. 3 of their motion for new trial.

"3. That the jury has been guilty of misconduct tending to prevent and (sic) due consideration of the case in this to-wit: Jesse Hoskins, a juror duly sworn and impannelled (sic) to try said cause, on diverse occasions associated with and conversed with witnesses subpoenaed by the State of Indiana as State's witnesses and to witnesses who were called to testify and did testify on behalf of the State of Indiana. Affidavits in support of this ground for motion for new trial are attached hereto and made a part hereof."

The record shows that trial took place on October 13, 14 and 15, 1965. The record also shows that one of the appellants, James Homer Oldham, had observed the alleged misconduct on the second day of trial, however he did nothing to bring the matter to the court's attention until after trial. It is well recognized that failure to make timely objection waives the right to question matters involving the conduct of the jury, *Brown* v. *State* (1964), 245 Ind. 604, 201 N. E. 2d 281, and the fact that defendants' counsel may not have known about the alleged misconduct is unimportant so long as one of the defendants knew of it, *Trombley* v. *State* (1906), 167 Ind. 231, 78 N. E. 976.

When the record is viewed most favorable to the State, there is no evidence to indicate any discussion of the case

nor any full exchanges of conversation. The record only shows that the juror, Jessie Hoskins, spoke to witnesses for the State to the effect "how are you." The record further indicates by counter-affidavits offered by the State that the only response given was advice that they could not converse with the juror.

The appellants allege that the juror, Hoskins, on numerous occasions sought to converse with witnesses in the case and with the Chief Deputy Prosecuting Attorney, and that although there is testimony that he did not discuss the trial of the case or the evidence the appellants were prejudiced by having an individual on the jury deliberately seek to converse with witnesses after he had repeatedly been admonished not to do so.

Appellants rely on the proposition that when a juror solicits conversation from a witness it is of itself prejudicial and thereby reversible. The authorities cited are *Hutchins* v. *State* (1894), 140 Ind. 78, 39 N. E. 243, and *Woods* v. *State* (1954), 233 Ind. 320, 119 N. E. 2d 558. *Hutchins* dealt with a situation where the deputy prosecutor offered kindness and sympathy to a juror at a time which might cause sentiments of gratitude towards the prosecutor. In *Woods* police officers, who were witnesses for the State, and the sheriff visited with members of the jury during intermissions and recesses. The court stated:

> "It was not made to appear that any of the conversations had anything to do with the evidence in the cause, yet such conduct cannot escape our condemnation even though the witnesses may have made no attempt to discuss the cause. . . . The jury should determine the credibility of witnesses and the weight to be given their testimony from the evidence given upon the trial, and it would be all too easy for the jury unconsciously to be influenced as to these matters by a friendly association with the witnesses for the State. . . . We feel the witnesses for both sides should be required to govern their conduct with equal propriety. The conduct of witnesses in visiting with the jury was prima facie prejudicial to the appellant, and for this cause the judgment must be reversed." 233 Ind. at 323-24.

It is well settled that misconduct of the jury does not require reversal of a conviction unless it results in prejudice to the defendant. *Williams* v. *State* (1923), 193 Ind. 670, 139 N. E. 657; *Trombley* v. *State, supra.* In *Hutchins, supra,* there could be little doubt as to the possible prejudicial effect of the communication. It has been held that the presumption of prejudice as stated in *Woods, supra,* may be rebutted by counter-affidavits of the State, *Myers* v. *State* (1960), 240 Ind. 641, 168 N. E. 2d 220. While we held in the *Woods* case that the conduct of the witnesses in visiting with the jury in a room set apart for them was prima facie prejudicial to appellant, in the instant case such prima facie presumption, *if any,* is overcome by the counter affidavits produced by the State. Furthermore a simple public greeting from a juror may be an impropriety, but that type occurrence *alone* cannot be said to be harmful misconduct.

Appellants have raised other asserted errors in their motion for new trial, however they have failed to argue such errors in their brief. Consequently, such matters have been waived. *Henderson* v. *State* (1956), 235 Ind. 132, 131 N. E. 2d 326.

For all the foregoing reasons the judgment of the trial court is affirmed.

Jackson, C. J., Arterburn, Lewis, and Mote, JJ., concur.

NOTE.—Reported in 231 N. E. 2d 791.