MANN *v.* STATE OF INDIANA.

[No. 1067S99. Filed September 12, 1968.]

*Isadore D. Rosenfield,* of South Bend, for appellant.

*John J. Dillion,* Attorney General, *Richard V. Bennett,* Deputy Attorney General, for appellee.

PER CURIAM.—This is an appeal from a conviction in the LaPorte Superior Court, after trial by a jury, of the appellant for being an accessory before the fact for an attempted theft while armed. The appellant raised two issues, namely that one of the jurors took notes during the final argument by the prosecuting attorney which was unobserved or unknown to the appellant or his counsel until after the verdict. There is no denial that such notes were taken, only that said juror wrote at the most two or three words; secondly, that the facilities of the court room were totally and completely inadequate. Appellant claimed that during the course of the trial the jurors could not hear the witnesses, the counsel table for the defendant herein was so located that during the

course of the trial the appellant could not consult with his counsel without being overheard by the jury.

The appellant had plead an alibi. There was testimony by witnesses that the appellant had planned the armed robbery and furnished the pistols; that both individuals testified they had discussed the robbery with the appellant, and that while the robbery was in progress appellant waited outside. On the evidence the jury returned a verdict of guilty.

As to the first contention of the appellant, the matter of the vote taking was raised for the first time on motion for a new trial and supported by affidavit from appellant's mother and friend, and a bailiff who stated that she saw one juror take out a pad and write two or three words during the final argument by the defense.

It is well settled that misconduct of the jury does not require reversal of a conviction unless it results in prejudice to the defendant; *Williams* v. *State* (1923), 193 Ind. 670, 139 N. E. 657. There has been no showing of prejudice in the case on appeal. The general matter has been reviewed in the recent case of *Oldham* v. *State* (1967), 249 Ind. 301, 12 Ind. Dec. 300, 231 N. E. 2d 791, which also cites the *Williams* case, *supra*.

As to appellant's second point that he was deprived of the right of counsel without being overheard by the jury or by the deputy sheriff, the bailiff or the prosecutor, the record does not sustain this contention. There was no request for adjournment because of the court room, no objections to the court room or motion for mistrial during the trial of the matter. It is pointed out that a lack of objection during the trial waives the argument; *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537. Indeed, the trial judge used extra precaution to have witnesses repeat answers and to request all parties involved including the jurors to immediately notify the trial court if there was any doubt as to what witnesses stated or what was transpiring.

The judgment of the trial court is affirmed.

Jackson, J. concurs in result; Mote, J. not participating.

NOTE.—Reported in 239 N. E. 2d 696.