WILHOITE *v.* STATE OF INDIANA.

[No. 969S205. Filed February 1, 1971. Rehearing denied March 5, 1971.]

*Gil I. Berry, Jr.,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, *Walter E. Bravard, Jr.,* Deputy Attorney General.

ARTERBURN, C.J.—This is an appeal from the Marion Criminal Court, Div. 2, where the appellant was tried without a jury by Judge Saul I. Rabb. Appellant was found guilty as charged of the crime of rape and was sentenced to the Indiana State Reformatory for not less than two (2) nor more than twenty-one (21) years.

Appellant first argues that the finding of the court is not sustained by sufficient evidence. However, a review of the testimony of the victim of the rape indicates that there was sufficient evidence to convict the defendant. Under Indiana law, a conviction for rape may be based solely

on the testimony of the victim. *Grimm* v. *State* (1970), 254 Ind. 150, 258 N. E. 2d 407; *Woods* v. *State* (1968), 250 Ind. 132, 235 N. E. 2d 479. According to the victim, she knew the defendant and got in his automobile on July 18, 1968, for the purpose of going to see the defendant's cousin, Mark. After seeing Mark, however, the defendant and the victim returned to his car. The defendant proceeded to drive to some back roads and then, over's the victim's objections and struggles, had intercourse with her. He then drove her home.

Furthermore, the defendant signed a written confession. No objection was made to the admission of the confession in the trial court and thus the question of its admission into evidence was not preserved for appeal. *Hensley* v. *State* (1969), 251 Ind. 633, 244 N. E. 2d 255; *Sams* v. *State* (1969), 251 Ind. 571, 243 N. E. 2d 879; *Pinkston* v. *State* (1968), 251 Ind. 306, 241 N. E. 2d 138; *Mann* v. *State* (1968), 251 Ind. 145, 239 N. E. 2d 696. The defendant was properly advised of his constitutional rights by the Marion County Sheriff's Department on two separate occasions before he made his confession as follows:

"1. You have a right to remain silent.

"2. Anything you say can and will be used against you in a court of law.

"3. You have the right to talk to an attorney and have him present with you while you are being questioned.

"4. If you cannot afford to hire an attorney, one will be appointed to represent you before any questioning, if you wish one.

"5. If you decide to answer questions now without an attorney present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to an attorney."

Before making a confession, then, he signed the following statement relating to the above rights of which he had been apprised:

"I have read the above and understand it fully. I wish to make a voluntary statement and I do not want an attorney.

No force, threats or promises have been used by anyone in any way to make me sign this, and I sign this statement after having been advised of the above rights before any questions have been asked of me."

Therefore, regardless of whether an appropriate objection was made at the trial court, it is clear that the defendant was properly advised of his constitutional rights. Neither do we feel the confession was enticed by any trickery.

Appellant finally contends that he should have been granted a new trial upon the affidavit of Deniece Chandler filed with his motion for new trial. In substance the affidavit stated that the affiant would testify that she heard the prosecuting witness say prior to the alleged crime that she would "get even" with the defendant. At the most this is merely impeaching. There is nothing in the affidavit to contradict the facts as they were proved. There is no showing in the affidavit that any reasonable effort was made to procure the witness and use the witness at the trial. There is no statement in the affidavit that the defendant was unaware of this testimony. Under the circumstances the affidavit did not contain facts which would warrant a trial court granting a new trial. To justify a new trial, the newly discovered evidence (if it was newly discovered, which is not averred) must be material and decisive in nature and must be such as to raise a strong presumption that it would probably change the results of the trial. *Marshall* v. *State* (1970), 254 Ind. 156, 258 N. E. 2d 628; *Sizemore* v. *State* (1956), 235 Ind. 548, 134 N. E. 2d 225; *Gavalis* v. *State* (1922), 192 Ind. 42, 135 N. E. 147.

The judgment of the trial court is affirmed.

Prentice, Givan, DeBruler and Hunter, JJ., concur.

NOTE.—Reported in 266 N. E. 2d 23.